
FILED
DEC 0 3 2018
Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Santos V. Hernandez, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Texas State Governor, )<br>)<br>Defendant. ) | Civil Action No. 18-1399 (UNA) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a Texas state prisoner incarcerated in Wichita Falls, Texas. Plaintiff purports to sue the Governor of Texas, but the 27-page handwritten complaint is barely legible or comprehensible. Most importantly, the Eleventh Amendment to the U.S. Constitution immunizes a State from suit in federal court, unless immunity is waived.[1] Plaintiff has not come close to demonstrating Texas's waiver of immunity. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008) ("[T]he party claiming subject matter jurisdiction . . . has the burden to

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

demonstrate that it exists.") (citation omitted)).  Therefore, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

Date: November 3, 2018

_____
United States District Judge